SALLY HANSON, executrix, appellant, *vs.* EDWIN HANSON
and others.

York.     Opinion February 5, 1880.

*Will—construction of.   Payment of debts.*

The rule is well settled that, while a testator, if his intent in this respect is
clearly manifest from the will, may apply his real estate first to the payment
of debts; in the absence of express words or a manifest intention in the will
to that effect, the law will first appropriate the personalty to that purpose.

ON REPORT.

Appeal from the decree of the judge of probate of York county
dismissing the petition of Sally Hanson, executrix of the last will
and testament of William B. Hanson, late of Lyman, in said
county, deceased, testate, for license to sell and convey certain
real estate of said testator for the payment of debts and legacies,
and expenses of administration to a certain amount.

The true construction of said will is in issue.   If, under the
provisions of the will, the personal property is subject to the pay-
ment of testator's debts, the decree aforesaid is to be affirmed—
otherwise, said petition is to be granted, and such further order
made thereon as law and justice require.

The will was executed April 28, 1873, and probated on the
first Tuesday of September, 1876, and the testator makes the fol-
lowing disposition of his estate.

"I. I order all of my just debts and funeral expenses to be paid
by my hereinafter named executor.

II. To Israel Hanson of Lyman, Sarah D. Hanson of Charles-
town, Mass., Joseph Warren Hanson of said Lyman, Edwin Han-
son, state of Virginia, Alvira Smith of Kennebunkport, wife of
John Smith, Ruth Foss of Biddeford, wife of Artemas Foss, and
Ann Hanson of Biddeford, single woman, all being my children,
I give and bequeath to them one dollar each, to be paid in one
year after my decease, by my hereinafter named executor.

III. To my beloved wife, Sally Hanson, I give, bequeath and
devise all of my oak and pine timber to have and to hold, etc.   I
also give, bequeath and devise the remaining portion of my estate,

to wit, my homestead farm, with the buildings thereon standing, and all my real and personal estate and mixed, of every name and nature, of whatever the same may consist, and wherever the same may be found, to have and to hold, to her, the said Sally Hanson, during her natural life.

IV. I do hereby nominate and appoint the said Sally Hanson to be the executor," etc.

On November 6, 1877, the testatrix petitioned for license to sell a portion of the real estate for the payment of debts, legacies and expenses of administration, on the ground that the personal estate was insufficient therefor. Her petition was refused and denied, "it not appearing that the personal estate is insufficient to pay said debts, legacies and expenses of administration."

Whereupon an appeal was duly made, alleging the following reasons :

I. Because a sale of some portion of the real estate of said deceased is necessary to pay debts, legacies and expenses of said administration, amounting to the sum of four hundred and twenty-five dollars.

II. Because said testator, by his last will and testament, bequeathed to Sally Hanson, during her natural life, his entire personal estate, and said estate should not, therefore, be applied to the payment of said debts, legacies and expenses of administration.

III. Because, by said testator's last will and testament, the use and income of the personal estate of said deceased was bequeathed to said Sally Hanson during her lifetime, and by the refusal and denial of the aforesaid petition the personal estate must necessarily be applied to pay the aforesaid debts, legacies and expenses, and thereby the intention of said testator would be utterly defeated in this regard.

IV. Because said executrix, in her said petition, asks license to sell certain undevised real estate of said testator, William B. Hanson, for the payment of said debts, legacies and expenses, and such undevised real estate should be held to respond to the payment thereof.

V. Because, in order to give full effect to the will of said testa-

tor, and especially to the third clause thereof, a sale of some portion of the undevised real estate of said deceased is absolutely necessary for the payment of said debts, legacies and expenses of sale and administration amounting to the sum of four hundred twenty-five dollars.

*Burbank & Derby*, for the plaintiff.

It is conceded that the amount of the personalty is sufficient ; but this petitioner maintains that the entire personal estate is bequeathed to her use for life, and therefore should not be held to discharge these liabilities.

The single issue for the court is, whether the testator's personal estate thus bequeathed, or his undevised realty, shall be taken to meet these debts and expenses.

I. A testator may, by manifest intention or express words, exempt his personal property from the payment of. his debts. *Fenwick* v. *Chapman*, 9 Pet. 472. *Quimby* v. *Frost*, 61 Maine, 77.

This petitioner claims that her testator clearly and unmistakably manifested such an intent.

He gave her the use of all his personal estate during her lifetime. Its use for any other purpose would absolutely defeat his will.

He also gave her the realty during her life. Both bequest and devise are consistent with our construction of the testator's intent; and this is especially apparent upon examination of the kinds of property inventoried.

II. But, further, the will and inventory disclose undevised real estate, a portion of which the petitioner asks license to sell; and, consequently, to grant her petition there exists no necessity of discriminating between personal and real estate, nor of rejecting any call in the will.

*Goodwin & Lunt*, for the defendants.

SYMONDS, J. This is an appeal from the probate court, in York county, dismissing the petition of the executrix for license to sell certain real estate of her testator, in order to pay debts, legacies and expenses of administration.

According to the terms on which, by agreement of counsel, the

case is submitted for decision, if, under the provisions of the will, the personal property is first subject to the payment of debts, the decree, from which the appeal is taken, is to be affirmed. Otherwise, the petition is to be granted, with such further order as law and justice require.

The question is, then, what in view of the provisions of the will is the rule of law with reference to the sale of the personalty to discharge debts of the estate.

The will directs that the debts shall be paid, but does not designate the fund out of which the payment shall be made. After bequests of one dollar each to the testator's children, and of all his oak and pine timber to his wife, the will bequeaths and devises the remaining portion of his estate, viz : his homestead farm with the buildings thereon and all his estate, real, personal and mixed, to his wife during her life. The personal property, mentioned in this residuary clause, is conceded to be sufficient to pay the debts of the estate.

The rule is well settled that, while a testator, if his intent in this respect is clearly manifest from the will, may apply his real estate first to the payment of debts, in the absence of express words or a manifest intention in the will to that effect, the law will first appropriate the personalty to that purpose.

By this will, it is only the real and personal estate, remaining after the payment of debts and the legacies to the children, that is given to the widow during her life. The bequest and the devise to the wife are given in the same sentence and on the same terms ; the one as fully as the other. She takes each subject to the legal liability arising from the claims of creditors. It is true, as claimed, that to sell the personal estate will deprive her of the use of it, while to sell the reversion of the real property would preserve to her the benefit of her life estate therein. But there is nothing in the will which enables us to say, that the declared intent of the testator appropriates this reversion to paying debts. After giving so large a part of his property to his wife, it can scarcely be said to be intrinsically more probable that he intended to make the debts a charge upon the reversion, than that a legacy to her proportionally so large was intended to be subject to their

payment. With legacies of only one dollar each to the children, with a bequest to the wife of all the timber, and the use during life of all remaining real and personal property, it is not in itself more probable, than the contrary would be, that the testator intended the debts should be paid out of the interest of the children, as heirs, in the reversion of the real estate.

And if a certain probability in favor of this proposition arises from the nature of the personal assets, from the character of the articles of which the personalty consists, it is enough to say, without weighing probabilities too nicely, that the intent to make the debts a charge upon the real estate is neither directly nor indirectly expressed in the will; and, this intent not appearing, the rule holds. The personal estate must first be used for that purpose.

It is said that if the undevised reversion of the real estate should be first sold, no provision of the will would fail of effect. The widow would then have the use of the real and personal property during life, and the others mentioned in the will would receive all that it undertakes to give them.

This is true. To sell the reversion does not diminish the rights of the children, as beneficiaries under the will. It only impairs to a greater or less extent the interest of those who at the termination of the life estate shall be the heirs of the testator.

Neither the reversion of the real estate, nor what remains of the personalty at the widow's decease, is disposed of by the will.

But the conclusion does not follow that it was these, or either of them, which the testator intended should be sold to pay debts. The legacy, under the residuary clause, was not specific, but general. "The devise of the residue of the real estate, after the happening of a contingency or after certain objects have been accomplished by the disposition or appropriation of portions of it, is not specific, but general." *Bradford* v. *Haynes*, 20 Maine, 108. *Calkins* v. *Calkins*, 1 Redf. Sur. Rep. 337.

There is nothing in the gift of such residue of the estate to the wife for life to indicate an intention to exonerate the personalty from the payment of debts, for which it is the primary fund ; to be used for that purpose even before the descended real estate,

unless an intent to the contrary appears in the will. *Livingston* v. *Newkirk*, 3 Johns. Ch. 312. 2 Red. on Wills, 867, 868.

The considerations, from the general tenor and spirit of the will, which led the court to a different result in *Quimby* v. *Frost*, 61 Maine, 77, are not present with the same force in this case.

Under the residuary clause, we think the widow took only an estate for life in the residue, after payment of debts and the legacies to the children, and that the petition to sell even an undevised interest in the realty, before the personal property, to pay debts, was rightly dismissed, for the reasons stated in the decree of the probate court.

*Decree of the probate court affirmed.*

Appleton, C. J., Walton, Peters and Libbey, JJ., concurred.